UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LARRY BURGESS,

    Plaintiff,

v.                                   Case No: 2:24-cv-00461-JLB-NPM

EXPERIAN INFORMATION
SOLUTIONS INC., EQUIFAX
INFORMATION SERVICES LLC,
AND TRANS UNION LLC,

    Defendants.
_____/

## ORDER

Before the Court is Defendants' Experian Information Solutions, Inc. ("Experian"), Equifax Information Services LLC ("Equifax"), and Trans Union LLC's ("Trans Union") Second Motion to Dismiss Plaintiff's First Amended Complaint with prejudice for failure to state a claim. (Doc. 30).[1] After careful review of the Complaint, the parties' briefing, and the entire record, the Court **GRANTS in part** Defendants' Second Motion to Dismiss.

## BACKGROUND

This case concerns claims arising under the Fair Credit Reporting Act ("FCRA") for Plaintiff's debt following medical treatment. (*See generally* Doc. 27). On January 26, 2029, Plaintiff suffered a workplace injury requiring medical

---

[1] This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, providing that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Each of Plaintiff's claims arise from the Fair Credit Reporting Act, a federal statute contained in 15 U.S.C. § 1681.

treatment. (*Id.* at ¶¶ 19–20). Plaintiff alleges that he received treatment from Central Emergency Medical and informed the provider that the injury was work related. (*Id.* at ¶¶ 20–21). Central Emergency Medical charged Plaintiff for treating his injuries and attempted to collect the debt from Plaintiff. (*Id.* at ¶¶ 23, 28). When Plaintiff did not pay the debt, Central Emergency Medical hired Ability Recovery Services ("ARS") to collect payment. (*Id.* at ¶ 28). After not receiving payment from Plaintiff, ARS reported the debt to credit reporting agencies, including Defendants. (*Id.* at ¶ 47). As a result, the reported debt negatively impacted Plaintiff's credit score. (*Id.* at ¶¶ 63–64, 91–92, 118–19).

On February 12, 2019, Plaintiff filed a Petition for Workers' Compensation Benefits with the Office of the Judges of Compensation Claims ("OJCC"). (*Id.* at ¶ 27; Doc. 30-1).[2] Plaintiff filed another Petition for Workers' Compensation Benefits with OJCC on September 16, 2022, requesting payment from his former employer's insurance company for medical debt incurred from Central Emergency Services. (Doc. 41 at 2–3; Doc. 41-1). The insurance company responded three days later that the OJCC "has no jurisdiction over bills for authorized medical care" and that "[t]he Medical Bills will be paid per the fee schedule when received on proper form and

---

[2] Though referenced in his First Amended Complaint, Plaintiff does not attach the Petition to the OJCC filed on February 12, 2019. However, Defendants attach the Petition to their Second Motion to Dismiss. (Doc. 30-1). The incorporation by reference doctrine allows a court to consider a document attached to a motion to dismiss when it is "central to the plaintiff's claim" and "undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). The February 12, 2019, Petition is central to Plaintiff's claim because he relies on it to argue that the Defendants should have known that his employer, rather than him, bears the responsibility for the medical debt by searching the OJCC for his open case. (Doc. 27 at ¶¶ 57, 60, 82, 85, 88, 109, 112). The authenticity of the document is not challenged by Plaintiff. (*See generally* Doc. 41).

include medical records." (Doc. 41-1).

In July, September, and October of 2023, Plaintiff alleges that he sent written disputes to Defendants regarding the medical debt on his credit reports, explaining that the medical expenses were due to a workplace injury and, therefore, his employer is the debtor. (Doc. 27 at ¶¶ 54–62, 82–90, 109–17). However, Plaintiff alleges that Defendants did not investigate the accuracy of his credit report after receipt of the written disputes. (*Id.*).

Now, Plaintiff brings separate claims of willful violation of the FCRA and negligent violation of the FCRA against each Defendant individually.[3] (*See generally* Doc. 27).

Plaintiff's willful violation of the FCRA claims allege that Defendants violated 15 U.S.C. § 1681e(b), providing that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." (*See generally* Doc. 27). Specifically, Plaintiff argues that Defendants did not follow reasonable procedures to assure maximum possible accuracy, failed to correct erroneous personal information after Plaintiff sought correction, did not correct inaccuracies in Plaintiff's credit report, and never adequately investigated the matter even though Defendants had reason to believe the information they received from ARS was inaccurate. (*Id.* at ¶¶ 134–43, 154–63,

---

[3] Plaintiff's First Amended Complaint lists Ability Recovery Services LLC ("ARS") as a defendant in this action. (Doc. 27 at 1; ¶¶ 36–50). However, Plaintiff and ARS have settled the claims between them, and ARS has since been terminated from the case. (Doc. 34; Doc. 37).

174–83).

Plaintiff's negligent violation of the FCRA claims allege that Defendants violated several other FCRA requirements by failing to reasonably reinvestigate the disputed information, failing to review and consider all relevant information, failing to remove inaccurate information, and failing to report accounts identified by Plaintiff as "disputed." (Doc. 27 at ¶¶ 144–53, 164–73, 184–93, 205–14);15 U.S.C. § 1681i(a)(1)(A); 15 U.S.C. § 1681i(a)(4); 15 U.S.C. § 1681i(a)(5); 15 U.S.C. § 1681i(c).

Together, the Defendants move to dismiss the claims against them (Doc. 30), and Plaintiff responds in opposition (Doc. 41).

## LEGAL STANDARD

To avoid dismissal, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 n.1 (11th Cir. 1999) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). Thus, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

# DISCUSSION

Defendants argue that Plaintiff fails to state a claim under the FCRA because the underlying dispute is one of law—not fact—that is not "objectively and readily verifiable[.]" (Doc. 30 at 3–4) (quoting *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1368 (11th Cir. 2024)).

## I. Plaintiff's 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i(a) claims do not present a factual challenge.

"A claim pursuant to section 1681i(a) 'is properly raised when a particular credit report contains a *factual* deficiency or error that could have been remedied by uncovering additional facts that provide a more accurate representation about a particular entry.'" *Batterman v. BR Carroll Glenridge, LLC*, 829 F. App'x 478, 481 (11th Cir. 2020) (quoting *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1160 (11th Cir. 1991)). Likewise, "[t]o state a claim under § 1681e, the plaintiff must show that the agency's report contained *factually* inaccurate information, that the procedures it took in preparing and distributing the report weren't 'reasonable,' and that damages followed as a result." *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021) (citing *Cahlin*, 936 F. 2d at 1157, 1160) (emphasis added).

When determining whether a credit report is factually accurate under the FCRA, courts "look to the objectively reasonable interpretations of the report." *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1367 (11th Cir. 2024) (quotation omitted). Thus, "a report must be factually incorrect, objectively likely to mislead its intended user, or both to violate the maximal accuracy standard of the [FCRA]." *Id.* at 1367–68 (quotation omitted) (alteration in original). An FCRA

5

claim succeeds if the information challenged is "objectively and readily verifiable." *Id.* at 1368 (quoting *Sessa v. Trans Union, LLC*, 74 F.4th 38, 40 (2d Cir. 2023)).

A mere assertion of a legal challenge to the credit report is insufficient to establish a factual inaccuracy. *See Batterman v. BR Carroll Glenridge, LLC*, 829 F. App'x 478, 481 (11th Cir. 2020); *Holden*, 98 F.4th at 1367–69 (explaining that only "if a legal question is sufficiently settled so that the import of a particular debt is readily and objectively verifiable" does "the FCRA sometimes require[] that the implications of that decision be reflected in credit reports"). Traditional examples of factual inaccuracies in credit reports are incorrect account balances or inaccurate loan terms. *Baldeosingh v. TransUnion, LLC*, No. 8:20-CV-925-WFJ-JSS, 2021 WL 1215001, at *3 (M.D. Fla. Mar. 31, 2021) (citing *Batterman*, 829 F. App'x at 481–82 and *Juarez v. Experian Info. Sols., Inc.*, No. 19 C 7705, 2020 WL 5201798, at *3 (N.D. Ill. Aug. 31, 2020)).

Here, Plaintiff does not challenge the completeness or accuracy of the debt, such as the amount owed or services rendered. Rather, Plaintiff argues that Defendants knew or should have discovered that the medical debt reported on his credit by ARS was his employer's burden rather than his because it was a workplace injury. (*See* Doc. 27). Specifically, Plaintiff argues that Defendants were aware of Florida Statutes § 440.13(2)(a) and 440.13(13)(a), which provide that an employee injured at the workplace is entitled to medical care at the employer's expense. (Doc. 27 at ¶¶ 29–35). As Defendants note, however, determining that Plaintiff's injury was actually a workplace injury covered under these statutes

6

would require them to make legal findings that Plaintiff was an employee acting within his scope of employment at the time of his injury. (Doc. 30 at 13–14) (citing Fla. Stat. § 440.09(1) (requiring that an employee suffer "an accidental compensable injury . . . arising out of work performed in the course and scope of employment" to recover under workers' compensation). Making such legal determinations is outside the scope of reporting agency obligations. *Baldeosingh*, No. 8:20-CV-925-WFJ-JSS, at *3 ("Determining a debt's validity and whether a consumer has a valid defense to a debt are questions for a court to resolve in a suit against the creditor, not a job imposed upon consumer reporting agencies by the FCRA.") (citation omitted) (cleaned up).

Plaintiff further argues that Defendants had a duty to conduct a search of the OJCC to verify that Plaintiff was an employee injured at the workplace. (Doc. 41 at 4, 6, 10). Not so. *See, e.g.*, *Cristobal v. Equifax, Inc.*, No. 16-CV-06329-JST, 2017 WL 1489274, at *3 (N.D. Cal. Apr. 26, 2017) ("The law does not require the [credit reporting agencies] to act as a tribunal or 'scour' a bankruptcy file and make judgments about which debts are included.") (citing *Hupfauer v. Citibank, N.A.*, No. 16 C 475, 2016 WL 4506798, at *7 (N.D. Ill. Aug. 19, 2016)).

In any event, Plaintiff's Petitions to the OJCC are not evidence that he was actually an employee injured at his workplace while working within the scope of his employment; instead, they merely show that he petitioned for workers' compensation. (*See* Doc. 30-1; Doc. 41-1; Doc. 41-2). Indeed, Plaintiff recognizes this himself in admitting that "the OJCC reflects Plaintiff had an *ongoing* worker

7

compensation case." (Doc. 41 at 11) (emphasis added). In other words, whether Plaintiff's employer agreed that his injuries fell within workers' compensation had yet to be determined. This is evidenced in the Response to Petition for Benefits, explaining that any medical bills "will be paid per the fee schedule when received on proper form and include medical records." (Doc. 41-2). Therefore, it would have been inappropriate for Defendants to make the legal determination that the entirety of the medical debt belonged to Plaintiff's employer without any objectively and readily verifiable information to that effect. (Doc. 30 at 14 n.14).

Plaintiff has not alleged that his credit report contained factually inaccurate information. Thus, he cannot state a claim under §§ 1681e(b) or 1681i(a). Federal Rule of Civil Procedure 15(a)(2) directs a court to provide leave to amend "when justice so requires." "[H]owever, a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, there is no set of facts Plaintiff can plead for his 15 U.S.C. § 1681e(b) or § 1681i(a) claims that would succeed because he has presented a legal challenge that is not objectively and readily verifiable. Thus, leave to amend would be futile as to those claims.

**II.    Plaintiff's 15 U.S.C. § 1681i(c) claims survive dismissal at this time.**

Plaintiff's claim against Defendants is also based on their failure to report his credit information regarding the medical debt as disputed as required under 15 U.S.C. § 1681i(c), providing as follows:

8

> Whenever a statement of a dispute is filed, unless there is reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof.

Defendants fail to address this argument altogether. (*See generally* Doc. 30). Based on the plain language of the statute and the lack of opposition, the Court is persuaded that this claim should remain. *See Klein v. Navient Sols., LLC*, No. 8:20-CV-876-T-24 SPF, 2020 WL 3414990, at *5 (M.D. Fla. June 22, 2020) (denying a motion to dismiss in part where the plaintiff disputed the credit report and the defendant failed to address the plaintiff's argument under 15 U.S.C. § 1681i(c)).

## CONCLUSION

Accordingly, it is **ORDERED**:

1. Defendant's Second Motion to Dismiss (Doc. 30) is **GRANTED in part and DENIED in part**.

2. Defendant's Second Motion to Dismiss (Doc. 30) is **GRANTED** to the extent that the Court **DISMISSES with prejudice** Plaintiff's claims that are based on 15 U.S.C. § 1681e(b) or 15 U.S.C. § 1681i(a). The Motion is **DENIED** to the extent the claims are based on 15 U.S.C. § 1681i(c).

**ORDERED** in Fort Myers, Florida, on November 3, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE